156

CAUSE NO. 2025-27777

| | | |
|---|---|---|
| IN RE: ROBERT LYNN PATTERSON, SR. | ) ) ) ) ) | IN THE DISTRICT COURT<br><br>11TH JUDICIAL DISTRICT<br><br>HARRIS COUNTY, TEXAS |

transferred from:
C-1704-25-E

| | | |
|---|---|---|
| IN RE: ROBERT LYNN PATTERSON, SR. | ) ) ) ) ) | IN THE DISTRICT COURT<br><br>275TH JUDICIAL DISTRICT<br><br>HIDALGO COUNTY, TEXAS |

*******************************************

ORAL AND VIDEOTAPED DEPOSITION OF

ROBERT LYNN PATTERSON, SR.

JUNE 4, 2025

VOLUME 2 OF 3

*******************************************

JOB NO.:   7405266

Priority-One Court Reporting Services, Inc. - A Veritext Company
(718) 983-1234

Removal Exhibit A
Page 1 of 21

Robert Lynn Patterson, Sr.                    Patterson v. Asbestos
June 4, 2025                                                        II

215

from a prior marriage?                               11:57:27

A.   No, sir.                                        11:57:29

Q.   Did your mother have any children from a        11:57:30
prior marriage?                                       11:57:32

A.   No, sir.                                        11:57:32

Q.   You are the one and only?                       11:57:32

A.   One and only.                                  11:57:35

Q.   One and only.                                  11:57:36

Sir, I'm going looking at -- looking at              11:57:45
Exhibit 4, which is your -- one of the two           11:57:51
handwritten sheets --                                11:57:54

A.   All right, sir.                                11:57:55

Q.   -- you have given us.                           11:57:55

MR. COSCULLUELA:  Thanks, Frank.          11:57:57

A.   Yes, sir.                                      11:57:58

Q.   Looking at Exhibit 4, it appears from           11:58:00
August '64 through May '65 you worked for Union Oil  11:58:04
Company; is that correct?                            11:58:08

A.   Yes, sir.                                      11:58:09

Q.   And we talked about -- your lawyer asked        11:58:10
you questions about this yesterday.                  11:58:12

This was your first full-time or permanent           11:58:14
work for Union Oil Company, correct?                 11:58:16

A.   Yes, sir.                                      11:58:18

Q.   During this portion of your employment for      11:58:18

Priority-One Court Reporting Services, Inc. - A Veritext Company
(718) 983-1234

Removal Exhibit A
Page 2 of 21

Robert Lynn Patterson, Sr.                    Patterson v. Asbestos
June 4, 2025                                                          II

216

Union Oil Company, you had a desk somewhere in    11:58:21
Abbeville, Louisiana, but your actual work was    11:58:25
offshore, right?    11:58:28

A.    Correct.    11:58:30

Q.    Are you familiar with the expression    11:58:30
"Outer Continental Shelf"?    11:58:32

A.    Yes.    11:58:34

Q.    Are you aware the territorial waters of    11:58:34
Louisiana extend away from the coastline of    11:58:39
Louisiana approximately 3.3 miles?    11:58:41

A.    Best of recollection, I don't know how    11:58:47
far, but, yes, they do extend --    11:58:52

Q.    Okay.  And --    11:58:54

A.    -- past the --    11:58:55

Q.    And beyond -- and beyond the state    11:58:56
territorial waters of Louisiana, you have got what's    11:58:57
known as the Outer Continental Shelf, the submerged    11:59:01
lands beneath the water in the Gulf.    11:59:04

A.    Yes, sir.    11:59:06

Q.    And the Outer Continental Shelf goes out    11:59:07
about 200 miles.    11:59:09

A.    Yes, sir.    11:59:10

Q.    Okay.  Your work offshore for Union Oil    11:59:11
Company from August '64 through May '65 occurred    11:59:21
over the Outer Continental Shelf, correct?    11:59:23

Robert Lynn Patterson, Sr.                    Patterson v. Asbestos
June 4, 2025                                                        II

217

MR. WATHEN:  Object to the form.                    11:59:27

DEFENSE COUNSEL:  Objection; form.                  11:59:29

A.   I can't effectively identify the distance      11:59:30
but they -- it was offshore --                      11:59:40

Q.   Okay.                                          11:59:43

A.   -- of Louisiana.                               11:59:43

Q.   It was offshore of Louisiana.  So you          11:59:44
don't know --                                       11:59:46

A.   Yes, sir.                                       11:59:46

Q.   You don't know whether you were working        11:59:48
offshore for Union Oil Company in the state         11:59:49
territorial waters of Louisiana or on the Outer     11:59:53
Continental Shelf, right?                           11:59:57

A.   The best recollection, the wells were          11:59:58
listed as an Outer Continental Shelf number, so they 12:00:06
would have been on the Outer Continental Shelf.     12:00:11

Q.   And, in fact, you grew up with the             12:00:14
abbreviation OCS for Outer Continental Shelf?       12:00:31

A.   Yes, sir.                                       12:00:19

Q.   And the wells -- the wells or the permits      12:00:20
that were issued were issued by the Department of   12:00:22
the Interior for drilling on the Outer Continental  12:00:26
Shelf?                                              12:00:30

A.   Yes, sir.                                       12:00:30

Q.   Okay.  Now do you remember the names of        12:00:33

Priority-One Court Reporting Services, Inc. - A Veritext Company
(718) 983-1234

Robert Lynn Patterson, Sr.                     Patterson v. Asbestos
June 4, 2025                                                          II

218

the fields that Union Oil -- Union Oil Company was

exploring during your work for Union Oil Company

from August '64 through May of '65?

    A.    There was the one that I worked on, which

was Vermilion Block 14.

    Q.    Vermilion Block 14.

        Did you work any other -- did you work any

other fields or blocks for Union Oil Company during

that period of August '64 through May of '65?

    A.    Had occasion to visit a South Marsh

Island.  Possibly 49.  Don't -- best recollection is

poor.

    Q.    Okay.

        MR. COSCULLUELA:  Patrice, would you

mind.

    Q.    Sir, I'm going to share with you CPChem

Exhibit Number 6.

        Here you go, sir.  CPChem Exhibit Number 6

is a -- is a reproduction of a map.  The source is

identified at the bottom of the page.  And it

identifies the fields -- the Outer Continental Shelf

fields in the Wester, Central, and Eastern planning

areas of the Gulf of Mexico.

        Do you see that?

        (Exhibit CPChem 6 marked.)

Priority-One Court Reporting Services, Inc. - A Veritext Company
(718) 983-1234

Robert Lynn Patterson, Sr.                    Patterson v. Asbestos
June 4, 2025                                                        II

219

A.    Yes, sir.                                              12:02:18

Q.    Okay.   This -- while you may not be                  12:02:19
familiar with this particular map, you are familiar         12:02:22
with the areas that we're talking about?                    12:02:25

A.    Yes, sir.                                              12:02:27

Q.    All right.                                            12:02:28

A.    That...                                               12:02:28

Q.    And if I were to ask you if you can                   12:02:30
identify for me the fields where you worked for             12:02:33
Union Oil Company during 1964 -- August of '64              12:02:36
through May of '65, you have identified Vermilion --        12:02:42
the Vermilion Field, which is south of Vermilion            12:02:48
Parish, Louisiana.   And I think you also mentioned         12:02:51
the adjacent field to the east, which is the South          12:02:54
Marsh Island Field.                                         12:02:58

A.    Yes, sir.                                              12:02:58

Q.    Okay.   Do you remember whether you were --           12:02:59
on the Vermilion Field -- did you say it was                12:03:04
Block 16?                                                   12:03:07

A.    14.                                                   12:03:08

Q.    Block 14.                                             12:03:09

      Do you remember the block number in the              12:03:10
east -- the South Marsh Field?                              12:03:13

A.    Best of my knowledge, it was 49.                      12:03:16

Q.    Okay.   What -- were you working on a                 12:03:30

Priority-One Court Reporting Services, Inc. - A Veritext Company
(718) 983-1234

Robert Lynn Patterson, Sr.                          Patterson v. Asbestos
June 4, 2025                                                            II

220

platform that was anchored to the seabed in the    12:03:32

Vermilion Block 14 location?    12:03:37

A.    The drilling operations were from a    12:03:41

jack-up type barge.    12:03:45

Q.    It was a jack-up barge?    12:03:46

A.    Yes, sir.    12:03:48

Q.    Okay.  Do you recall the depth of the    12:03:48
water where you were -- where you were working in    12:03:50
Vermilion Block 14?    12:03:54

A.    Possibly 30 -- 30 feet.    12:03:55

Q.    Okay.  All right.  Who owned the jack-up?    12:04:03

A.    The name that comes to mind is Diamond M.    12:04:13

Q.    Okay.    12:04:13

A.    I don't know that that's the only one but    12:04:24
that's --    12:04:25

Q.    Okay.  You think it was a Diamond M    12:04:27
jack-up that you were working on in --    12:04:29

A.    Yes.    12:04:29

Q.    -- Vermilion 14?    12:04:31

A.    Yes, sir.    12:04:33

Q.    Okay.  How about on the -- how about in    12:04:34
the South Marsh Island Field?    12:04:37

A.    South Marsh Island was more -- I'll say    12:04:40
visitation rather than drilling.    12:04:49

Q.    Okay.  This would have been your early --    12:04:51

Priority-One Court Reporting Services, Inc. - A Veritext Company
(718) 983-1234

Removal Exhibit A
Page 7 of 21

Robert Lynn Patterson, Sr.                          Patterson v. Asbestos
June 4, 2025                                                            II

222

Block 49?                                                      12:06:10

A.    No, sir, I don't.                                      12:06:11

Q.    Okay.   During this period at Unocal from              12:06:13
August 1964 through May '65, did you work at any             12:06:26
other locations?                                             12:06:29

A.    Not for that period, no, sir.                          12:06:32

Q.    Okay.   And that's what we're going to do.             12:06:36
We're just going to follow it incrementally period           12:06:36
by period.   Okay?                                           12:06:39

A.    All right.                                             12:06:40

Q.    All right.   And this goes without saying              12:06:45
almost, but I want to make sure that it's clear.             12:06:48
      While you worked within the Vermilion                  12:06:50
Block 14 and visited the South Marsh Island Field            12:06:54
Block 49, while working for Unocal August 1964               12:06:59
through May 1965, your employer was engaged in oil           12:07:04
field exploration and production from the Outer              12:07:10
Continental Shelf?                                           12:07:13

A.    Yes, sir.                                              12:07:13

Q.    Okay.   Do you claim exposure to asbestos              12:07:15
from the work you performed on your employer's               12:07:21
behalf on the Outer Continental Shelf?                       12:07:24

MR. WATHEN:   Object to the extent it's                      12:07:30
asked and answered.   Object to the form.                    12:07:32

You can go ahead.                                            12:07:34

Robert Lynn Patterson, Sr.                          Patterson v. Asbestos
June 4, 2025                                                            II

223

A.    Yes, sir.                                    12:07:35

Q.    Okay.   Were you exposed to asbestos from    12:07:39
Flosal while working aboard that Diamond M jack-up    12:07:46
rig in the Vermilion Field?                        12:07:50

MR. WATHEN:    Objection to the extent    12:07:57
that has been asked and answered and the form.    12:07:58

MR. COSCULLUELA:    This is    12:08:00
cross-examination.                                 12:08:01

MR. WATHEN:   Okay.   Go ahead.   You can    12:08:02
answer.                                            12:08:03

A.    Would you repeat it?                     12:08:04

Q.    Yes, sir.                                12:08:08

Do you believe you were exposed to    12:08:10
asbestos while working on the Diamond M jack-up rig    12:08:12
on behalf of Union Oil Company on Vermilion -- on    12:08:16
the Vermilion Field that you have identified during    12:08:23
August '64 through May '65?                        12:08:26

MR. WATHERN:   He did answer that one    12:08:30
from me a minute ago.   Object, asked and answered.    12:08:32

A.    Yes.                                     12:08:35

Q.    Can you explain to me how you were exposed    12:08:38
to asbestos from Flosal as an engineer, new-hire    12:08:41
trainee?                                           12:08:46

A.    The -- part of the job description    12:08:47
required that we're -- become intimately familiar    12:08:54

Priority-One Court Reporting Services, Inc. - A Veritext Company
(718) 983-1234

Robert Lynn Patterson, Sr.                    Patterson v. Asbestos
June 4, 2025                                                        II

256

understand, but we can kind of figure that out.          12:52:27

That gives me a good understanding of where we're       12:52:28

coming from?                                            12:52:31

        MR. COSCULLUELA:  I am about to --       12:52:31

Frank, I'm about to change gears to another subject     12:52:32

matter.  I don't know if you want to take a lunch       12:52:34

break, but I'm happy to oblige.                         12:52:37

        THE WITNESS:  I would appreciate that.   12:52:40

        MR. WATHEN:  It's close to 1:00          12:52:42

o'clock, so let's do that.                              12:52:45

        MR. COSCULLUELA:  Let's go off the       12:52:45

record.                                                 12:52:46

        THE VIDEOGRAPHER:  We're off the         12:52:46

record at 12:53.                                        12:52:48

        (Recess 12:53 p.m. to 2:07 p.m.)         12:52:50

        THE VIDEOGRAPHER:  We are back on        14:07:20

record at 2:07.                                         14:07:25

    Q.  (By Mr. Cosculluela)  Mr. Patterson, I       14:07:28

hope you had a few minutes to relax at least a          14:07:30

little.                                                 14:07:33

    A.  Yes, sir.                                    14:07:34

    Q.  Are you ready to get back on?                14:07:34

    A.  Let's go.                                    14:07:36

    Q.  Good.                                        14:07:37

    I'm getting ready to move into questions        14:07:42

Priority-One Court Reporting Services, Inc. - A Veritext Company
(718) 983-1234

257

concerning your oil field work in a little more   14:07:45

detail, but I wanted to establish first that what I   14:07:49

did is I took CPChem Exhibit 6, the Outer   14:07:54

Continental Shelf map in front of you --   14:08:01

A.   Yes, sir.   14:08:01

Q.   -- and I circled the Vermilion and South   14:08:02

Marsh Island fields.   14:08:06

A.   I see that.   14:08:06

Q.   I wanted you to see that.  Okay?   14:08:07

A.   Yes, sir.   14:08:08

Q.   Okay.   14:08:08

A.   I was there early enough we didn't go too   14:08:17

far out.   14:08:19

Q.   Yeah.  Yeah.   14:08:20

We were talking earlier, and with respect   14:08:24

to those -- with respect to the drilling operations   14:08:26

in the Vermilion Field, you had indicated that   14:08:31

the -- whatever the precise contractual relationship   14:08:38

was between Union Oil Company and its drilling   14:08:41

contractor, Diamond M, it was such that the drilling   14:08:48

contractor was responsible for the drilling mud?   14:08:52

A.   That's the footage-type contract that it   14:08:58

would, yes.   14:09:03

Q.   Okay.  It was a footage contract?   14:09:03

A.   Yes, sir.   14:09:05

Robert Lynn Patterson, Sr.                    Patterson v. Asbestos
June 4, 2025                                                        II

261

And in addition, does the derrickhand -- does the derrickhand -- when the crew is not tripping in and out of the hole, will the derrickhand take samples of the mud and perform some rudimentary mud checks to check for mud weight and mud viscosity?

A.    My experience, it would be that the derrickman taking mud weights but not getting involved with water loss and other things that require more equipment.

Q.    Okay.  A drilling mud engineer's --

A.    Yes, sir.

Q.    -- toolbox with his testing -- his or her testing equipment?

A.    Yes, sir.

Q.    Okay.  You never worked for a drilling mud service company, did you?

A.    No, sir.

Q.    And you never worked as a drilling mud engineer?

A.    No, sir.

Q.    You testified yesterday in answer to your lawyer's questions that while working for Union Oil on the Outer Continental Shelf August '64 through May '65, you carried sacks of drilling mud from one

Priority-One Court Reporting Services, Inc. - A Veritext Company
(718) 983-1234

Robert Lynn Patterson, Sr.                    Patterson v. Asbestos
June 4, 2025                                                        II

262

location to the mud mixing hopper.                    14:13:18

Do you recall that testimony?                    14:13:21

A.   Yes, sir.                    14:13:21

Q.   All right.  Do you recall precisely which    14:13:22
drilling mud products, commercial chemicals, or   14:13:24
specialty additives you carried from one location to  14:13:27
the mud mixing hopper?                    14:13:30

A.   The sacks of mud were on pallets in an    14:13:33
area and you were told which pallet to pick up the   14:13:38
sack from and not identifying the sacks.    14:13:42

Q.   Okay.  So you can't tell us if you picked    14:13:47
up a sack of barite or whether you picked up a sack   14:13:49
of bentonite clay or Flosal, for that matter?    14:13:54

A.   Generally knew the difference if you were    14:13:59
picking up a sack of barite or a sack of    14:14:01
montmorillonite clay.                    14:14:06

Q.   Yeah, the bentonite, the montmorillonite    14:14:08
clay tended to be a little lighter than the barite?   14:14:11

A.   Yes.                    14:14:13

Q.   But barite also came in bulk, didn't it?    14:14:14

A.   I don't have a full recollection of that.    14:14:18

Q.   Okay.  You don't remember a bulk barite    14:14:22
container by the mud mixing hopper on the Diamond M   14:14:24
rig?                    14:14:27

A.   No.  I know later on we started getting,    14:14:30

Robert Lynn Patterson, Sr.                              Patterson v. Asbestos
June 4, 2025                                                                II

275

treating equipment, flowlines.                          14:31:44

Q.   Yes, sir, I understand.  And those lawyers         14:31:48
will have their opportunity to question you, but I      14:31:50
just want to make sure that I have got my question      14:31:52
and answer.                                             14:31:54

A.   Yes, sir.                                          14:31:54

Q.   Am I correct there's no exposure to you            14:31:55
from asbestos-containing drilling mud additives         14:31:58
while working on as a roustabout for Union Oil          14:32:02
during the summers of '61, '62, and '63?                14:32:04

A.   Did not have contact with drilling mud.            14:32:07

Q.   Excellent.                                         14:32:09

Now in the summer of '64, as I understood               14:32:10
it, what you were working on during that few-month      14:32:13
period or that two-month period was your master's       14:32:17
thesis.  I think you said dissertation yesterday but    14:32:21
I think your meant thesis.                              14:32:23

A.   Thesis.                                            14:32:25

Q.   Yeah.                                              14:32:25

What was your thesis on?                                14:32:27

A.   It was on a -- gas flow -- twofold gas             14:32:28
flow and measurement.                                   14:32:36

Q.   Okay.  So while you were working on your           14:32:41
master's thesis in the -- June and July of 1964,        14:32:45
again, no potential for exposure to asbestos from       14:32:50

Priority-One Court Reporting Services, Inc. - A Veritext Company
(718) 983-1234

Removal Exhibit A
Page 14 of 21

276

drilling mud?                                              14:32:53

A.    Correct.                                             14:32:54

Q.    All right.   Good.                                   14:32:55

That takes us to August of '64, which was                 14:33:01
your first full-time work for Union Oil Company, and      14:33:05
we have talked about that.   We have talked about         14:33:08
that to some degree already, particularly with            14:33:11
respect to your work on the Outer Continental Shelf.      14:33:15

When you arrived on the Outer Continental                 14:33:28
Shelf -- and I presume this was your first time on        14:33:40
the Outer Continental Shelf in -- between August          14:33:42
of '64 and May of '65?                                    14:33:48

A.    Yes, sir.                                            14:33:49

Q.    Okay.   When you arrived, you were a                14:33:50
brand-new freshly minted drilling engineer?               14:33:53

A.    Correct.                                             14:33:57

Q.    And not only a drilling engineer, but you           14:33:58
were a drilling engineer with a master's?                 14:34:00

A.    Yes, sir.                                            14:34:02

Q.    Do you remember whether you were paid a             14:34:03
salary or were you paid hourly by Union Oil Company?      14:34:11

A.    We didn't get the benefit of hourly; it             14:34:17
was paid.                                                 14:34:21

Q.    They figured that out a long time ago.              14:34:22

So you were getting paid salary, and I                    14:34:25

Page 350

CAUSE NO. 2025-27777

IN RE: ROBERT LYNN          ) IN THE DISTRICT COURT
PATTERSON, SR.              )
                            ) 11TH JUDICIAL DISTRICT
                            )
                            ) HARRIS COUNTY, TEXAS
                REPORTER'S CERTIFICATION
        DEPOSITION OF ROBERT LYNN PATTERSON, SR.
                    JUNE 4, 2025
                    VOLUME 2 OF 3


     I, Michelle L. Munroe, Certified Shorthand
Reporter in and for the State of Texas, hereby
certify to the following:
     That the witness, ROBERT LYNN PATTERSON, SR.,
was duly sworn by the officer and that the transcript
of the oral deposition is a true record of the
testimony given by the witness;
     That the deposition transcript was submitted on
_____, 2025 to the witness or to the
attorney for the witness for examination, signature
and return to me by _____, 2025.
     That the amount of time used by each party at
the deposition is as follows:
     Mr. Wathen        -    1 hour, 6 minutes
     Mr. Cosculluela   -    2 hours, 56 minutes
     Mr. Armstrong     -    4 minutes
     Mr. Andarsio      -    11 minutes

Page 351

That pursuant to information given to the deposition officer at the time said testimony was taken, the following includes counsel for all parties of record:

FOR THE PLAINTIFF:

        Frank J. Wathen
        SIMON GREENSTONE PANATIER, PC
        901 Main Street
        Suite 5900
        Dallas, Texas  75202
        frank.wathen@sgptrial.com

FOR CHEVRON PHILLIPS CHEMICAL COMPANY LP D/B/A
DRILLING SPECIALTIES COMPANY:

        Alex E. Cosculluela
        ADAMS & REESE
        1221 McKinney
        Suite 4400
        Houston, Texas  77010
        aec@arlaw.com

FOR THE DEFENDANT CROSBY VALVE, LLC:

        Robert E. Dodson
        DODSON & DODSON LLP
        4646 Summerhill Road
        Texarkana, Texas  75503
        903.794.3121  telephone
        bobdodson@dodsondodson.com

FOR BAKER HUGHES OILFIELD OPERATIONS, INC.:

        Patrice Pujol
        FORMAN WATKINS & KRUTZ LLP
        4900 Woodway Drive
        Suite 940
        Houston, Texas  77056
        patrice.pujol@formanwatkins.com

Priority-One Court Reporting Services Inc. – A Veritext Company
718-983-1234

Page 352

FOR SCHLUMBERGER LIMITED, SCHLUMBERGER TECHNOLOGY CORPORATION, CAMERON INTERNATIONAL CORPORATION, NOV INC., NATIONAL OILWELL VARCO, L.P., GRANT PRIDECO, INS, REED HYCALOG, LP:

    Pete Andarsio
    FORMAN WATKINS & KRUTZ LLP
    4900 Woodway Drive
    Suite 940
    Houston, Texas  77056
    pete.andarsio@formanwatkins.com


FOR WARREN PUMPS:

    Troy Helling
    GORDON & REES SCULLY MANSUKHANI
    2200 Ross Avenue
    Suite 3700
    Dallas, Texas  75201
    thelling@grsm.com

FOR UNION OIL COMPANY OF CALIFORNIA:
    Vickie Thompson  (via Zoom)
    NELSON MULLINS RILEY & SCARBOROUGH LLC
    1111 Bagby Street
    Suite 2100
    Houston, Texas  77002
    vickie.thompson@nelsonmullins.com


FOR REDCO CORPORATION F/K/A CRANE CO.:

    Nicholas Chan  (via Zoom)
    K&L GATES LLP
    210 Sixth Avenue
    Pittsburgh, Pennsylvania  15222
    nick.chan@klgates.com

FOR BW/IP, INC. AND ITS WHOLLY-OWNED SUBSIDIARIES:

    Arturo M. Aviles  (via Zoom)
    SEGAL MCCAMBRIDGE SINGER & MAHONEY
    100 Congress Avenue
    Suite 800
    Austin, Texas  78701
    aaviles@smsm.com

FOR UNION CARBIDE CORPORATION:
    Kevin Jordan  (via Zoom)
    Carolina Herrera  (via Zoom)
    JORDAN, LYNCH & CANCIENNE PLLC
    1980 Post Oak Boulevard
    Suite 2300
    Houston, Texas  77056
    kjordan@jlcfirm.com

FOR GOODYEAR TIRE & RUBBER COMPANY:
    Wesley T. Sprague  (via Zoom)
    SPENCER FANE LLP
    3040 Post Oak Boulevard
    Suite 1400
    Houston, Texas  77056
    wsprague@spencerfane.com


FOR CARRIER CORPORATION, GOULDS PUMPS LLC, AND MERCK
& CO., INC.:
    M. Laura Lopez  (via Zoom)
    MORGAN LEWIS & BOCKIUS LLP
    1000 Louisiana
    Suite 4000
    Houston, Texas  77002
    laura.lopez@morganlewis.com

Page 354

FOR IMO INDUSTRIES LLC:
       Jonathan R. Prazak  (via Zoom)
       LAW OFFICE OF JONATHAN R. PRAZAK, PLLC
       620 West 3rd Street, Suite 404
       Little Rock, Arkansas  72201
       jprazak@prazaklaw.com
FOR PARAMOUNT GLOBAL AND FOSTER WHEELER ENERGY
CORPORATION:
       Brian Armstrong  (via Zoom)
       MEHAFFY WEBER PC
       2615 Calder Avenue, Suite 800
       Beaumont, Texas  77704
       brianarmstrong@mehaffyweber.com

       I further certify that I am neither counsel for, related to, nor employed by any of the parties or attorneys in the action in which this proceeding was taken, and further that I am not financially or otherwise interested in the outcome of the action.
       Further certification requirements pursuant to Rule 203 of TRCP will be certified to after they have occurred.
       Certified to by me this _____ day of _____, 2025.

                        Michelle L. Munroe, CSR No. 6011
                        Commission expires 1-31-26
                        Firm Registration #571
                        VERITEXT LEGAL SOLUTIONS
                        300 Throckmorton Street, Suite 1600
                        Fort Worth, Texas  76102
                        817.336.3042  telephone

Page 355

FURTHER CERTIFICATION UNDER RULE 203 TRCP

The original deposition was/was not returned to the deposition officer on _____, 2025;

If returned, the attached Changes and Signature page contains any changes and the reasons therefor;

If returned, the original deposition was delivered to _____, Custodial Attorney;

That $_____ is the deposition officer's charges to the Plaintiff for preparing the original deposition transcript and any copies of exhibits;

That the deposition was delivered in accordance with Rule 203.3, and that a copy of this certificate was served on all parties shown herein on and filed with the Clerk.

Certified to by me this _____ day of _____, 2025.

Michelle L. Munroe, CSR No. 6011
Commission expires 1-31-26
Firm Registration #571
VERITEXT LEGAL SOLUTIONS
300 Throckmorton Street, Suite 1600
Fort Worth, Texas  76102
817.336.3042  telephone

Priority-One Court Reporting Services Inc. – A Veritext Company
718-983-1234