# UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF TEXAS
### HOUSTON DIVISION

| | |
|---|---|
| **ROBERT LYNN PATTERSON, SR., AND ROSEMARY PATTERSON,**<br><br>    **Plaintiffs,**<br><br>**V.**<br><br>**BAKER HUGHES OILFIELD** OPERATIONS, INC., individually and as successor-in-interest to MILCHEM INCORPORATED, **CHEVRON PHILLIPS CHEMICAL COMPANY LP**, d/b/a DRILLING SPECIALTIES COMPANY, and **UNION OIL COMPANY OF CALIFORNIA,**<br><br>    **Defendants.** | **CIVIL ACTION NO.** |

## INDEX OF MATTERS BEING FILED

Defendant, Chevron Phillips Chemical Company LP (**"CPChem"**), files this Index of

Matters Being Filed:

| Exhibit | Description |
|---|---|
| Removal Exhibit A | Excerpts of Robert Lynn Patterson Deposition Transcript |
| Removal Exhibit B | CP Chem Exhibit 6 to Robert Lynn Patterson Deposition |
| Removal Exhibit C | Consent to Removal |
| Removal Exhibit D | Index of Matters Being Filed |

| | |
|---|---|
| | D.1. Docket Sheet from State Court<br><br>D.2. Citation Executed – Baker Hughes Oilfield Operations, Inc.<br><br>D.3. Citation Executed – Chevron Phillips Chemical Company.<br><br>D.4. Citation Executed – Union Oil Company of California<br><br>D.5. Plaintiff's Original Petition and Jury Demand |
| Removal Exhibit E | List of Counsel |

Respectfully submitted,

By: _____*Alex E. Cosculluela*_____
Alex E. Cosculluela
Attorney-in-Charge
State Bar of Texas 00788982
Federal Bar No. 17716
1221 McKinney Street, Suite 4400
Houston, Texas 77010
Telephone:     (713) 652-5151
Facsimile:     (713) 652-5152
aec@arlaw.com
**ATTORNEYS FOR CHEVRON PHILLIPS**
**CHEMICAL COMPANY LP**

**OF COUNSEL:**
ADAMS & REESE
1221 McKinney Street, Suite 4400
Houston, Texas 77010
Telephone:     (713) 652-5151
Facsimile:     (713) 652-5152

## CERTIFICATE OF SERVICE

I certify a copy of the foregoing has been served upon all counsel of record by in accordance with the Federal Rules of Civil Procedure, on this 25th day of November, 2025.

_____*Alex E. Cosculluela*_____
Alex E. Cosculluela

2

# 2025-84867

**COURT:** 234th
**FILED DATE:** 11/6/2025
**CASE TYPE:** OTHER CIVIL



## PATTERSON, ROBERT LYNN (SR)

**Attorney: WATHEN, FRANK J. II**

### vs.

## BAKER HUGHES OILFIELD OPERATIONS INC (SUED INDIVIDUALLY AND AS

| Docket Sheet Entries | |
|---|---|
| Date | Comment |

Unofficial Copy Office of Marilyn Burgess District Clerk

Receipt Number: 1045406
Tracking Number: 74570462

EML
**COPY OF PLEADING PROVIDED BY PLT**

CAUSE NUMBER: 202584867

PLAINTIFF: PATTERSON, ROBERT LYNN (SR) | In the 234th Judicial

vs. | District Court of

DEFENDANT: BAKER HUGHES OILFIELD OPERATIONS INC | Harris County, Texas
(SUED INDIVIDUALLY AND AS SUCCESSOR-IN-INTEREST
TO MILCHEM INCORPORATED)

CITATION

THE STATE OF TEXAS
County of Harris

TO: BAKER HUGHES OILFIELD OPERATIONS INC (SUED INDIVIDUALLY AND AS SUCCESSOR-IN-INTEREST TO MILCHEM INCORPORATED) MAY BE SERVED BY SERVING THROUGH ITS REGISTERED AGENT CT CORPORATION SYSTEM
1999 BRYAN STREET SUITE 900
DALLAS TX 75201

**AFFIDAVIT ATTACHED**

Attached is a copy of PLAINTIFFS' ORIGINAL PETITION AND JURY DEMAND.
This instrument was filed on November 6, 2025, in the above numbered and styled cause on the docket in the above Judicial District Court of Harris County, Texas, in the courthouse in the City of Houston, Texas. The instrument attached describes the claim against you.

YOU HAVE BEEN SUED. You may employ an attorney. If you or your attorney do not file a written answer with the District Clerk who issued this citation by 10:00 a.m. on the Monday next following the expiration of twenty days after you were served this citation and petition, a default judgment may be taken against you. In addition to filing a written answer with the clerk, you may be required to make initial disclosures to the other parties of this suit. These disclosures generally must be made no later than 30 days after you file your answer with the clerk. Find out more at TexasLawHelp.org.

ISSUED AND GIVEN UNDER MY HAND and seal of said Court, at Houston, Texas, this November 7, 2025.



Marilyn Burgess, District Clerk
Harris County, Texas
201 Caroline, Houston, Texas 77002

Generated By: JOSHUA HALL

Issued at request of:
WATHEN, FRANK J. II
901 MAIN STREET, SUITE 5900
DALLAS, TX 75202
214-276-7680
Bar Number: 20920010

D.2.

# AFFIDAVIT ATTACHED

Tracking Number: 74570462
EML

CAUSE NUMBER: 202584867

PLAINTIFF: PATTERSON, ROBERT LYNN (SR)

vs.

DEFENDANT: BAKER HUGHES OILFIELD OPERATIONS INC (SUED INDIVIDUALLY AND AS SUCCESSOR-IN-INTEREST TO MILCHEM INCORPORATED)

In the 234th

Judicial District Court

of Harris County, Texas

Unofficial Copy Office of Marilyn Burgess District Clerk

## OFFICER/AUTHORIZED PERSON RETURN

Came to hand at _____ o'clock _____. M., on the _____ day of _____, 20_____.

Executed at (address) _____

in _____ County

at _____ o'clock _____. M., on the _____ day of _____, 20 _____,

by delivering to _____ defendant,

in person, a true copy of this

Citation together with the accompanying _____ copy(ies) of the _____ Petition

attached thereto and I endorsed on said copy of the Citation the date of delivery.

To certify which I affix my hand officially this _____ day of _____, 20 _____.

FEE: $ _____

_____

_____ of _____

County, Texas

_____        By:    _____
         Affiant                                        Deputy

On this day, _____, known to me to be the person whose signature

appears on the foregoing return, personally appeared. After being by me duly sworn, he/she stated that this citation was executed by him/her in the exact manner recited on the return.

D.2.

SWORN TO AND SUBSCRIBED BEFORE ME on this _____ of
_____, 20 _____

_____
Notary Public

<span style="color:red">**AFFIDAVIT ATTACHED**</span>

Unofficial Copy Office of Marilyn Burgess District Clerk

D.2.

# AFFIDAVIT OF SERVICE

**State of Texas**            **County of Harris**            **234th Judicial District Court**

Case Number: 2025-84867

Plaintiff:
**Robert Lynn Patterson, Sr. and Rosemary Patterson**

vs.

Defendant:
**Baker Hughes Oilfield Operations, Inc., sued individually an as successor-in-interest to Milchem Incorporated; Chevron Phillips Chemical Company LP d/b/a Drilling Specialties Company; and Union Oil Company of California**

For:
Frank Wathen
901 Main Street
Suite 5900
Dallas, TX 75202

ONT2025009897

Received by Anthony Collins on the 7th day of November, 2025 at 12:39 pm to be served on **Registered Agent for Baker Hughes Oilfield Operations, Inc. CT Corporation System, 1999 Bryan Street, Suite 900, Dallas, Dallas County, TX 75201.**

I, Anthony Collins, being duly sworn, depose and say that on the **7th day of November, 2025** at **2:55 pm, I:**

Executed service by hand delivering a true copy of the **Citation, Copy of Plaintiff's Original Petition and Jury Demand** to: **Haile Greenlee**, an authorized acceptance agent employed by **Registered Agent CT Corporation System, Inc.,** who is authorized to accept service of process for **Baker Hughes Oilfield Operations, Inc.**, at the address of: **1999 Bryan Street, Suite 900, Dallas, Dallas County, TX 75201,** and informed said person of the contents therein, in compliance with state statutes.

"I certify that I am over the age of 18, have no interest in the above action, and am a Certified Process Server in good standing in the judicial circuit in which the process was served. I have personal knowledge of the facts set forth in this affidavit, and they are true and correct."

ERIC JACOB HARRIS
Notary Public, State of Texas
Comm. Expires 08-12-2029
Notary ID 135527875

NOTARY PUBLIC

Subscribed and Sworn to before me on the 7th day of November, 2025 by the affiant who is personally known to me.

**Anthony Collins**
PSC-357 Expires 12/31/2025

**On Time Process Service**
**1700 Pacific Ave**
**Suite 1040**
**Dallas, TX 75201**
**(214) 740-9999**

Our Job Serial Number: ONT-2025009897
Ref: Robert Patterson, Sr.

Copyright © 1992-2025 DreamBuilt Software, LLC. - Process Server's Toolbox V9.0e

D.2.



Receipt Number: 1045406
Tracking Number: 74570464

EML
COPY OF PLEADING PROVIDED BY PLT

CAUSE NUMBER: 202584867

| | |
|---|---|
| PLAINTIFF: PATTERSON, ROBERT LYNN (SR) | In the 234th Judicial |
| vs. | District Court of |
| DEFENDANT: BAKER HUGHES OILFIELD OPERATIONS INC | Harris County, Texas |
| (SUED INDIVIDUALLY AND AS SUCCESSOR-IN-INTEREST | |
| TO MILCHEM INCORPORATED) | |

## CITATION

THE STATE OF TEXAS
County of Harris

TO: CHEVRON PHILLIPS CHEMICAL COMPANY LP (D/B/A DRILLING SPECIALTIES COMPANY) MAY BE
SERVED BY SERVING THROUGH ITS REGISTERED AGENT CT CORPORATION SYSTEM

1999 BRYAN STREET SUITE 900

DALLAS TX 75201

Attached is a copy of PLAINTIFFS' ORIGINAL PETITION AND JURY DEMAND.

This instrument was filed on November 6, 2025, in the above numbered and styled cause on the docket in the above Judicial District Court of Harris County, Texas, in the courthouse in the City of Houston, Texas. The instrument attached describes the claim against you.

YOU HAVE BEEN SUED. You may employ an attorney. If you or your attorney do not file a written answer with the District Clerk who issued this citation by 10:00 a.m. on the Monday next following the expiration of twenty days after you were served this citation and petition, a default judgment may be taken against you. In addition to filing a written answer with the clerk, you may be required to make initial disclosures to the other parties of this suit. These disclosures generally must be made no later than 30 days after you file your answer with the clerk. Find out more at TexasLawHelp.org.

ISSUED AND GIVEN UNDER MY HAND and seal of said Court, at Houston, Texas, this November 7, 2025.



*Marilyn Burgess*

Marilyn Burgess, District Clerk
Harris County, Texas
201 Caroline, Houston, Texas 77002

Generated By: JOSHUA HALL

Issued at request of:
WATHEN, FRANK J. II
901 MAIN STREET, SUITE 5900
DALLAS, TX 75202
214-276-7680
Bar Number: 20920010

## AFFIDAVIT ATTACHED

D.3.

# AFFIDAVIT ATTACHED

Tracking Number: 74570464
EML

CAUSE NUMBER: 202584867

PLAINTIFF: PATTERSON, ROBERT LYNN (SR)

    vs.

DEFENDANT: BAKER HUGHES OILFIELD OPERATIONS INC (SUED INDIVIDUALLY AND AS SUCCESSOR-IN-INTEREST TO MILCHEM INCORPORATED)

In the 234th

Judicial District Court

of Harris County, Texas

Unofficial Copy Office of Marilyn Burgess District Clerk

OFFICER/AUTHORIZED PERSON RETURN

Came to hand at _____ o'clock _____. M., on the _____ day of _____, 20_____.

Executed at (address) _____

in _____ County

at _____ o'clock _____. M., on the _____ day of _____, 20 _____,

by delivering to _____ defendant,

in person, a true copy of this

Citation together with the accompanying _____ copy(ies) of the _____ Petition

attached thereto and I endorsed on said copy of the Citation the date of delivery.

To certify which I affix my hand officially this _____ day of _____, 20 _____.

FEE: $ _____

_____

_____ of _____

County, Texas

_____
Affiant

By: _____
Deputy

On this day, _____, known to me to be the person whose signature

appears on the foregoing return, personally appeared. After being by me duly sworn, he/she stated that this citation was executed by him/her in the exact manner recited on the return.

D.3.

SWORN TO AND SUBSCRIBED BEFORE ME on this _____ of

_____, 20 _____

_____
Notary Public

**AFFIDAVIT ATTACHED**

Unofficial Copy Office of Marilyn Burgess District Clerk

D.3.

# AFFIDAVIT OF SERVICE

**State of Texas**          **County of Harris**          **234th Judicial District Court**

Case Number: 2025-84867

Plaintiff:
**Robert Lynn Patterson, Sr. and Rosemary Patterson**

vs.

Defendant:
**Baker Hughes Oilfield Operations, Inc., sued individually an as successor-in-interest to Milchem Incorporated; Chevron Phillips Chemical Company LP d/b/a Drilling Specialties Company; and Union Oil Company of California**

For:
Frank Wathen
901 Main Street
Suite 5900
Dallas, TX 75202

Received by Anthony Collins on the 7th day of November, 2025 at 12:39 pm to be served on **Registered Agent for Chevron Phillips Chemical Company LP CT Corporation System, 1999 Bryan Street, Suite 900, Dallas, Dallas County, TX 75201.**

I, Anthony Collins, being duly sworn, depose and say that on the **7th day of November, 2025 at 2:55 pm, I:**

Executed service by hand delivering a true copy of the **Citation, Copy of Plaintiff's Original Petition and Jury Demand** to: **Haile Greenlee**, an authorized acceptance agent employed by **Registered Agent CT Corporation System, Inc.,** who is authorized to accept service of process for **Chevron Phillips Chemical Company LP**, at the address of **1999 Bryan Street, Suite 900, Dallas, Dallas County, TX 75201**, and informed said person of the contents therein, in compliance with state statutes.

"I certify that I am over the age of 18, have no interest in the above action, and am a Certified Process Server in good standing in the judicial circuit in which the process was served. I have personal knowledge of the facts set forth in this affidavit, and they are true and correct."

ERIC JACOB HARRIS
Notary Public, State of Texas
Comm. Expires 08-12-2029
Notary ID 135527875

Subscribed and Sworn to before me on the 7th day of November, 2025 by the affiant who is personally known to me.

_____
NOTARY PUBLIC

_____
**Anthony Collins**
PSC-357 Expires 12/31/2025

**On Time Process Service**
**1700 Pacific Ave**
**Suite 1040**
**Dallas, TX 75201**
**(214) 740-9999**

Our Job Serial Number: ONT-2025009898
Ref: Robert Patterson, Sr.

Copyright © 1992-2025 DreamBuilt Software, LLC. - Process Server's Toolbox V9.0e

D.3.



Receipt Number: 1045406
Tracking Number: 74570465

EML
<span style="color:red">COPY OF PLEADING PROVIDED BY PLT</span>

CAUSE NUMBER: 202584867

| | |
|---|---|
| PLAINTIFF: PATTERSON, ROBERT LYNN (SR) | In the 234th Judicial |
| vs. | District Court of |
| DEFENDANT: BAKER HUGHES OILFIELD OPERATIONS INC (SUED INDIVIDUALLY AND AS SUCCESSOR-IN-INTEREST TO MILCHEM INCORPORATED) | Harris County, Texas |

CITATION

THE STATE OF TEXAS
County of Harris

TO: UNION OIL COMPANY OF CALIFORNIA MAY BE SERVED BY SERVING THROUGH ITS REGISTERED

AGENT CORPORATION SERVICE COMPANY DBA CSC-LAWYERS INCORPORATING SERVICE COMPANY

211 E 7TH STREET SUITE 620

AUSTIN TX 78701

Attached is a copy of PLAINTIFFS' ORIGINAL PETITION AND JURY DEMAND.
This instrument was filed on November 6, 2025, in the above numbered and styled cause on the docket in the above Judicial District Court of Harris County, Texas, in the courthouse in the City of Houston, Texas. The instrument attached describes the claim against you.

YOU HAVE BEEN SUED. You may employ an attorney. If you or your attorney do not file a written answer with the District Clerk who issued this citation by 10:00 a.m. on the Monday next following the expiration of twenty days after you were served this citation and petition, a default judgment may be taken against you. In addition to filing a written answer with the clerk, you may be required to make initial disclosures to the other parties of this suit. These disclosures generally must be made no later than 30 days after you file your answer with the clerk. Find out more at TexasLawHelp.org.

ISSUED AND GIVEN UNDER MY HAND and seal of said Court, at Houston, Texas, this November 7, 2025.



*Marilyn Burgess*
Marilyn Burgess, District Clerk
Harris County, Texas
201 Caroline, Houston, Texas 77002

Generated By: JOSHUA HALL

Issued at request of:
WATHEN, FRANK J. II
901 MAIN STREET, SUITE 5900
DALLAS, TX 75202
214-276-7680
Bar Number: 20920010

<span style="color:red">AFFIDAVIT
ATTACHED</span>

D.4.

# AFFIDAVIT ATTACHED

Unofficial Copy Office of Marilyn Burgess District Clerk

Tracking Number: 74570465
EML

CAUSE NUMBER: 202584867

PLAINTIFF: PATTERSON, ROBERT LYNN (SR)

    vs.

DEFENDANT: BAKER HUGHES OILFIELD OPERATIONS INC (SUED INDIVIDUALLY AND AS SUCCESSOR-IN-INTEREST TO MILCHEM INCORPORATED)

In the 234th

Judicial District Court

of Harris County, Texas

## OFFICER/AUTHORIZED PERSON RETURN

Came to hand at _____ o'clock ____. M., on the _____ day of _____, 20_____.

Executed at (address) _____

in _____ County

at _____ o'clock ____. M., on the _____ day of _____, 20 _____,

by delivering to _____ defendant, in person, a true copy of this

Citation together with the accompanying _____ copy(ies) of the _____ Petition

attached thereto and I endorsed on said copy of the Citation the date of delivery.

To certify which I affix my hand officially this _____ day of _____, 20 _____.

FEE: $ _____

_____

_____ of _____

County, Texas

_____
        Affiant

By: _____
           Deputy

On this day, _____, known to me to be the person whose signature appears on the foregoing return, personally appeared. After being by me duly sworn, he/she stated that this citation was executed by him/her in the exact manner recited on the return.

D.4.

SWORN TO AND SUBSCRIBED BEFORE ME on this _____ of
_____, 20 _____

_____
Notary Public

# AFFIDAVIT ATTACHED

Unofficial Copy Office of Marilyn Burgess District Clerk

D.4.

# AFFIDAVIT OF SERVICE

State of Texas                    County of Harris                    234th Judicial District Court

Case Number: 2025-84867

Plaintiff:

**Robert Lynn Patterson, Sr. and Rosemary Patterson**

vs.

Defendant:

**Baker Hughes Oilfield Operations, Inc., sued individually an as successor-in-interest to Milchem Incorporated; Chevron Phillips Chemical Company LP d/b/a Drilling Specialties Company; and Union Oil Company of California**

For:
Frank Wathen
901 Main Street
Suite 5900
Dallas, TX 75202

Received by Markus Edvard Fagerberg on the 10th day of November, 2025 at 11:54 am to be served on **Registered Agent for Union Oil Company of California Corporation Service Company dba CSC-Lawyers Incorporating Service Company, 211 East 7th Street, Suite 620, Austin, Travis County, TX 78701**.

I, Markus Edvard Fagerberg, being duly sworn, depose and say that on the **10th day of November, 2025** at **3:25 pm**, I:

delivered to a **BUSINESS ENTITY, BY AND THROUGH ITS REGISTERED AGENT**, by personally delivering a true copy of the **Citation, Copy of Plaintiff's Original Petition and Jury Demand** with the date of service endorsed thereon by me, to: **Mak Hayes, Corporation Service Company** as **Authorized Agent** at the address of: **211 East 7th Street, Suite 620, Austin, Travis County, TX 78701** on behalf of **Union Oil Company of California** and informed said person of the contents therein, in compliance with state statutes.

**Description** of Person Served: Age: 25, Sex: F, Race/Skin Color: White, Height: 5'6, Weight: 110, Hair: Blonde, Glasses: Y

I certify that I am over the age of 18, I am not a party to the suit, and I am a disinterested person with no interest in the outcome of the suit. The facts stated in this declaration are within my personal knowledge and are true and correct. I delivered the listed documents with the date of service endorsed thereon by me and informed the recipient of the contents therein, in compliance with state statutes.

My name is Markus Edvard Fagerberg. I am at least 18 years old. My work address is 1100 Nueces, Austin, TX 78701, United States of America. I declare under penalty of perjury that the foregoing is true and correct. Executed in Travis County, State of Texas, on November 10, 2025 by Markus Edvard Fagerberg, declarant.

Subscribed and Sworn to before me on the 10th day of November, 2025 by the affiant who is personally known to me.

NOTARY PUBLIC

**Markus Edvard Fagerberg**
PSC- 23308; Exp. 09/30/2027

**On Time Couriers/Process**
**1700 Pacific Avenue**
**Ste 1040**
**Dallas, TX 75201**
**(214) 740-9999**

Our Job Serial Number: ONT-2025009899
Ref: Robert Patterson, Sr.

SUE GOULDING
Notary Public, State of Texas
Comm. Expires 04-04-2027
Notary ID 131960911

CAUSE NO: _____

| | | |
|---|---|---|
| **ROBERT LYNN PATTERSON, SR.** and **ROSEMARY PATTERSON**, | § § § | IN THE DISTRICT COURT |
| Plaintiffs, | § § | _____ JUDICIAL DISTRICT |
| vs. | § § § | |
| | § | HARRIS COUNTY, TEXAS |
| **BAKER HUGHES OILFIELD OPERATIONS, INC.**, sued individually and as successor-in-interest to MILCHEM INCORPORATED; **CHEVRON PHILLIPS CHEMICAL COMPANY LP** d/b/a DRILLING SPECIALTIES COMPANY; and **UNION OIL COMPANY OF CALIFORNIA**, | § § § § § § § § § § § | |
| Defendants. | § | |

## PLAINTIFFS' ORIGINAL PETITION AND JURY DEMAND

**TO THE HONORABLE JUDGE OF SAID COURT**:

Come now Plaintiffs, ROBERT LYNN PATTERSON, SR. and ROSEMARY PATTERSON, who complain of the various Defendants listed below and for cause of action would show the Court and Jury as follows:

I.

1.     Plaintiffs seek to conduct discovery under the April 5, 2007, Third Amended Case Management Order entered by Judge Mark Davidson in *In Re Asbestos Litigation*, Cause No. 2004-03964, in the 11th Judicial District Court of Harris County, Texas (hereinafter the "Case Management Order") and pursuant to T.R.C.P. 190.1.  Discovery will be conducted under Level 3 (T.R.C.P. 190.4).  Certain Defendants named herein reside in this County, and/or maintain offices in this County, and/or have their principal place of business in this County, and/or all or a substantial part of the acts or omissions that form the basis of this lawsuit occurred in this County, and/or are incorporated in the State of Texas, and therefore venue properly lies in this County pursuant to Tex. Civ. Prac. & Rem. Code §15.002 and §15.0181.  Certain acts or omissions, which

were a proximate or producing cause of Plaintiff ROBERT LYNN PATTERSON, SR.'s asbestos-related injuries, occurred in Texas.

2.      The damages Plaintiffs seek are within the jurisdictional limits of this Court.  As required by Texas Rule of Civil Procedure 47(c), Plaintiffs state that they seek monetary relief over $1,000,000.00 for the injuries alleged in this Petition.  Plaintiffs further seek any relief in equity to which they are justly entitled.

3.      Plaintiffs ROBERT LYNN PATTERSON, SR. and ROSEMARY PATTERSON reside at 6401 Ohio Drive, Apartment 7208, Plano, TX 75024.

4.      Defendant **BAKER HUGHES OILFIELD OPERATIONS, INC.**, sued individually and as successor-in-interest to MILCHEM INCORPORATED, may be served through its registered agent for service of process, CT Corporation System, 1999 Bryan Street, Suite 900, Dallas, TX 75201.  This Defendant is being sued as a manufacturer, contractor, and/or supplier of asbestos-containing drilling muds, including but not limited to Milchem Drilling Mud and/or Flosal Drilling Mud.  This Defendant maintains its principal place of business in the City of Houston, County of Harris, State of Texas.

5.      Defendant **CHEVRON PHILLIPS CHEMICAL COMPANY LP** d/b/a DRILLING SPECIALTIES COMPANY may be served through its registered agent for service of process, CT Corporation System, 1999 Bryan Street, Suite 900, Dallas, TX 75201.  This Defendant is being sued as a manufacturer of asbestos-containing Flosal Drilling Mud.

6.      Defendant **UNION OIL COMPANY OF CALIFORNIA** may be served through its registered agent for service of process, Corporation Service Company d/b/a CSC-Lawyers Incorporating Service Company, 211 E. 7th Street, Suite 620, Austin, TX 78701.  This Defendant is being sued as a Jones Act Defendant.

7.      Pursuant to paragraph III.A of the Case Management Order, Plaintiff ROBERT LYNN PATTERSON, SR. suffers from mesothelioma, a malignant asbestos-related disease.

8.      This action is brought, and these allegations are made pursuant to Tex. Civ. Prac. & Rem. Code § 71.031.

9.      Plaintiffs are properly joined in this action pursuant to Tex. R. Civ. P. 40(a).

## FACTUAL SUMMARY

10. Plaintiffs allege that, upon information and belief, Plaintiff ROBERT LYNN PATTERSON, SR. was wrongfully exposed to and inhaled or otherwise absorbed asbestos fibers, an inherently dangerous toxic substance, as described below.

(a) Upon information and belief, Plaintiff ROBERT LYNN PATTERSON, SR. alleges he was exposed to asbestos during his employment as a mud logger for Hycalog during the summer months of 1959 and 1960 at various oil wells and/or drilling sites in Texas. Furthermore, upon information and belief, Plaintiff ROBERT LYNN PATTERSON, SR. was also exposed to asbestos while employed by Defendant UNION OIL COMPANY OF CALIFORNIA on various jack-up rigs, oil wells, and/or drilling sites as follows: as a roustabout on a jack-up rig(s) in navigable waters in White Lake, Louisiana, during the summers of 1961, 1962, and 1963; as a trainee engineer and engineer while working on a jack-up rig(s) on navigable waters in Vermilion Block 14 in Louisiana from approximately August 1964 to May 1965; as an engineer while working on a jack-up rig(s) on navigable waters in Freshwater Bayou in Louisiana from approximately 1965 to 1967; as an engineer and equipment maintenance supervisor in Van, Texas from approximately 1967 to 1969; during field work as an engineer in Houston, Texas from approximately 1969 to 1970; as an engineer in Houston, Texas, Orange, Texas and Lafayette, Texas from approximately 1971 to 1972; and as a district engineer in Lafayette, Louisiana from approximately 1972 to 1975. Additionally, Plaintiff ROBERT LYNN PATTERSON, SR. performed equipment maintenance and/or was in close proximity while other tradesmen performed equipment maintenance for Argonaut Energy at various oilwell and/or drilling sites in Amarillo, Texas and in the Texas Panhandle from approximately 1975 to 1979. During his employment on these jobsites, Plaintiff ROBERT LYNN PATTERSON, SR.'s duties required him to cut and install asbestos-containing gaskets and packing on various equipment including, but not limited to, heater treaters, oil separators, pumps and valves. His duties also required him to personally

handle and/or work in close proximity to other tradesmen who handled, opened, dumped, and mixed asbestos-containing drilling muds, and performed maintenance on various equipment which included, but was not limited to, cutting and installing asbestos-containing gaskets and packing on air compressors, heater treaters, oil separators, pumps and valves. During these time periods, Plaintiff ROBERT LYNN PATTERSON, SR. alleges he was exposed to asbestos-containing products, and/or equipment requiring and/or calling for the use of asbestos and/or asbestos-containing products, and/or raw asbestos fibers of various kinds and grades including, but not limited to, Black, Sivalls and Bryson Heater Treaters and Oil Separators, National Tank Heater Treaters and Oil Separators, Cooper Bessemer Compressors, Flosal Drilling Mud, Milchem Drilling Mud, Byron Jackson Pumps, Goulds Pumps, Crane Valves, DeLaval Valves, and asbestos fibers supplied by Union Carbide Corporation.

(b)     Plaintiffs further allege, upon information and belief, that Plaintiff ROBERT LYNN PATTERSON, SR. was also exposed to asbestos during his regular and frequent personal use of Dr. Scholl's Foot Powder from approximately the 1950s to the 1980s at his personal residences and/or his work sites in Texas and Louisiana. Plaintiffs further allege that Plaintiff ROBERT LYNN PATTERSON, SR. was also exposed to asbestos during his and his family members' regular and frequent use of Johnson's Baby Powder on his children from approximately 1963 to 1971 at their personal residences in Texas and Louisiana. During these time periods, Plaintiff ROBERT LYNN PATTERSON, SR. was also exposed to asbestos-containing talc supplied by Pfizer Inc.

## COUNT ONE
## ALLEGATIONS AGAINST MANUFACTURING AND EQUIPMENT DEFENDANTS

11.     Defendant BAKER HUGHES OILFIELD OPERATIONS, INC., sued individually and as successor-in-interest to MILCHEM INCORPORATED, and Defendant CHEVRON PHILLIPS CHEMICAL COMPANY LP d/b/a DRILLING SPECIALTIES COMPANY are hereinafter referred to as "MANUFACTURING AND EQUIPMENT DEFENDANTS".

Unofficial Copy Office of Marilyn Burgess District Clerk

12.    Plaintiffs allege that Plaintiff ROBERT LYNN PATTERSON, SR. was exposed to raw asbestos fibers of various kinds and grades, and/or asbestos-containing products, and/or equipment requiring and/or calling for the use of asbestos and/or asbestos-containing products. Each Defendant corporation or its predecessors-in-interest is, or at times material hereto, has been engaged in the mining, processing and/or manufacturing, sale and distribution of raw asbestos fibers of various kinds and grades, and/or asbestos-containing products, and/or equipment requiring and/or calling for the use of asbestos and/or asbestos-containing products (hereinafter collectively referred to as "Defendants' Products"). Plaintiffs would show that Plaintiff ROBERT LYNN PATTERSON, SR. was exposed, on numerous occasions, to Defendants' Products which were produced and/or sold by MANUFACTURING AND EQUIPMENT DEFENDANTS and in so doing, inhaled great quantities of asbestos fibers. Further, Plaintiffs allege as more specifically set out below, that Plaintiff ROBERT LYNN PATTERSON, SR. has suffered injuries, illnesses, and disabilities proximately caused by his exposure to Defendants' Products which were designed, manufactured and sold by MANUFACTURING AND EQUIPMENT DEFENDANTS. In that each exposure to Defendants' Products caused or contributed to Plaintiff ROBERT LYNN PATTERSON, SR.'s injuries, illnesses and disabilities, Plaintiffs say that the doctrine of joint and several liabilities should be extended to apply to each Defendant herein.

13.    Plaintiff ROBERT LYNN PATTERSON, SR. was exposed to Defendants' Products that were manufactured, designed and/or distributed by the MANUFACTURING AND EQUIPMENT DEFENDANTS and/or their predecessors-in-interest during his occupations. Plaintiffs would show that the defective design and condition of Defendants' Products rendered said Products unreasonably dangerous, and that Defendants' Products were in this defective condition at the time they were designed by and/or left the hands of MANUFACTURING AND EQUIPMENT DEFENDANTS. Plaintiffs would show that Defendants' Products were defective in the manner in which they were marketed for their failure to contain or include adequate warnings regarding potential asbestos health hazards associated with the use of or the exposure to Defendants' Products, defectively designed because they were more dangerous than would be contemplated by an ordinary user, the risks of Defendants' Products outweighed their benefits, and were defectively manufactured as they failed to comply with Defendants' own specifications and to protect against asbestos exposure. Plaintiffs would show that this market defect rendered Defendants' Products unreasonably dangerous at the time they were designed or left the hands of

Unofficial Copy Office of Marilyn Burgess District Clerk

the Defendants. Plaintiffs would show that MANUFACTURING AND EQUIPMENT DEFENDANTS are liable in product liability including, but not limited to, strict product liability for the above-described defects.

14. The MANUFACTURING AND EQUIPMENT DEFENDANTS are or were engaged in the business of selling, manufacturing, producing, designing and/or otherwise putting Defendants' Products into the stream of commerce, and those Products, without substantial change in the condition in which they were sold, manufactured, produced, designed and/or otherwise put into the stream of commerce, were a proximate and/or producing cause of the injuries, illnesses and disabilities of Plaintiff ROBERT LYNN PATTERSON, SR.

15. The MANUFACTURING AND EQUIPMENT DEFENDANTS knew that Defendants' Products would be used without inspection for defects and, by placing them on the market, represented that they would safely do the job for which they were intended, which must necessarily include the safe manipulation, installation, operation, maintenance, repair, personal use and/or handling of Defendants' Products.

16. Plaintiff ROBERT LYNN PATTERSON, SR. and/or his coworkers were unaware of the hazards and defects in Defendants' Products which made them unsafe for purposes of manipulation, installation, operation, maintenance, repair, personal use and/or handling.

17. During the periods that Plaintiff ROBERT LYNN PATTERSON, SR. was exposed to Defendants' Products which were manufactured and sold by various MANUFACTURING AND EQUIPMENT DEFENDANTS, those Products were being utilized in a manner which was intended by MANUFACTURING AND EQUIPMENT DEFENDANTS.

18. In the event that Plaintiffs are unable to identify each of Plaintiff ROBERT LYNN PATTERSON, SR.'s injurious exposures to Defendants' Products, Plaintiffs would show the Court that the MANUFACTURING AND EQUIPMENT DEFENDANTS named herein represent and/or represented a substantial share of the relevant market of Defendants' Products at all times material to this cause of action. Consequently, MANUFACTURING AND EQUIPMENT DEFENDANTS should be held jointly and severally liable under the doctrines of enterprise liability, market-share liability, concert of action and alternative liability, among others.

19. The injuries, illnesses and disabilities of Plaintiff ROBERT LYNN PATTERSON, SR. are a direct and proximate result of the negligence of MANUFACTURING AND EQUIPMENT DEFENDANTS and/or its predecessors-in-interest in that said entities produced,

Unofficial Copy Office of Marilyn Burgess District Clerk

D.5.

designed, sold and/or otherwise put Defendants' Products into the stream of commerce which the MANUFACTURING AND EQUIPMENT DEFENDANTS knew, or in the exercise of ordinary care should have known, were deleterious and highly harmful to Plaintiff ROBERT LYNN PATTERSON, SR.'s health and well-being. Certain MANUFACTURING AND EQUIPMENT DEFENDANTS created hazardous and deadly conditions to which Plaintiff ROBERT LYNN PATTERSON, SR. was exposed and which caused him to be exposed to a large amount of asbestos fibers. The MANUFACTURING AND EQUIPMENT DEFENDANTS were negligent in one, some and/or all of the following respects, among others, same being the proximate cause of Plaintiff ROBERT LYNN PATTERSON, SR.'s injuries, illnesses, and disabilities:

(a) in failing to timely and adequately warn Plaintiff ROBERT LYNN PATTERSON, SR. and others of the dangerous characteristics and serious health hazards associated with exposure to Defendants' Products;

(b) in failing to provide Plaintiff ROBERT LYNN PATTERSON, SR. and others with information as to what would be reasonably safe and sufficient wearing apparel and proper protective equipment, if in truth there were any, to protect him and others from being harmed and disabled by exposure to Defendants' Products;

(c) in failing to place timely and adequate warnings on the containers of Defendants' Products or on Defendants' Products themselves to warn of the dangers to health of coming into contact with Defendants' Products;

(d) in failing to take reasonable precautions or exercise reasonable care to publish, adopt and enforce a safety plan and/or safe method of handling, installing, utilizing and working with Defendants' Products in a safe manner;

(e) in failing to develop and utilize a substitute material or design to eliminate asbestos fibers in Defendants' Products;

(f) in failing to properly design and manufacture Defendants' Products for safe use under conditions of use that were reasonably anticipated;

(g) in failing to properly test Defendants' Products before they were released for use; and

(h)     in failing to recall and/or remove Defendants' Products from the stream of commerce despite knowledge of the unsafe and dangerous nature of Defendants' Products.

(i)     in failing to timely and adequately warn Plaintiff ROBERT LYNN PATTERSON, SR. and others of the presence of asbestos in Defendants' Products which were mined, produced, sold, and/or released by Defendants for consumer use; and

(j)     in failing to provide adequate safety measures and protection against asbestos dust released during the handling, opening, mixing, and applying of Defendants' Products, including by employees of MANUFACTURING AND EQUIPMENT DEFENDANTS, who worked at Plaintiff ROBERT LYNN PATTERSON, SR.'s jobsites;

(k)     in failing to use ordinary care in the management, direction, ordering, supervision, and control of the mining, production, and supply of Defendants' Products.

## COUNT TWO
## THE JONES ACT

20.     All of the allegations contained in the previous paragraphs are realleged herein.

21.     This action arises out of United States Code, Title 46, §688, commonly known and referred to as the "Jones Act." Jurisdiction is conferred upon this Court by the "Savings to Suitors" Clause, Article III, Section 2 of the U.S. Constitution and 28 U.S.C. § 1333(i). Venue properly lies in this county pursuant to Tex. Civ. Prac. & Rem. Code §15.0181. Plaintiffs complain Defendant UNION OIL COMPANY OF CALIFORNIA (hereinafter referred to as "VESSEL DEFENDANT") owned, managed, operated, navigated, and controlled various vessels identified herein, and used said vessels for operation on navigable waters capable of interstate and foreign commerce.

22.     Plaintiffs would show that from approximately 1961 to 1967, intermittently, Plaintiff ROBERT LYNN PATTERSON, SR. was employed by the VESSEL DEFENDANT as a seaman as defined by the Jones Act 46 USCA§ 30104, who worked aboard jack-up rigs in close proximity to the regular and frequent handling, opening, dumping, and/or mixing of asbestos-containing drilling muds, and the regular and frequent installation, removal, operation,

maintenance, and/or repair, of asbestos-containing products, and/or equipment requiring and/or calling for the use of asbestos and/or asbestos-containing products. These activities caused asbestos dust and fibers to be released into the work environment, and caused Plaintiff ROBERT LYNN PATTERSON, SR. to be exposed to deleterious levels of asbestos.

23. Upon information and belief, Plaintiff ROBERT LYNN PATTERSON, SR. was employed by the VESSEL DEFENDANT as a seaman for years, including while working as a roustabout on a jack-up rig(s) in navigable waters in White Lake, Louisiana, during the summers of 1961, 1962, and 1963; as a trainee engineer and engineer while working on a jack-up rig(s) on navigable waters in Vermilion Block 14 in Louisiana from approximately August 1964 to May 1965; and as an engineer while working on a jack-up rig(s) on navigable waters in Freshwater Bayou in Louisiana from approximately 1965 to 1967. While such vessels were at the aforementioned places, Plaintiff ROBERT LYNN PATTERSON, SR. was engaged in his aforementioned duties as a seaman of the VESSEL DEFENDANT and worked in furtherance of the mission of the vessels upon which he served.

24. Furthermore, while such vessels were at the aforementioned places, the VESSEL DEFENDANT carelessly and negligently managed, operated, navigated and controlled such vessels so as to require Plaintiff ROBERT LYNN PATTERSON, SR., and/or others working in close proximity to Plaintiff ROBERT LYNN PATTERSON, SR., to handle, use and be exposed to asbestos and asbestos-containing products and equipment, all of which the VESSEL DEFENDANT knew or should have known to be extremely hazardous to Plaintiff ROBERT LYNN PATTERSON, SR.'s health. Plaintiffs further allege that, at all times herein mentioned, when Plaintiff ROBERT LYNN PATTERSON, SR. was not actually handling, using or repairing said asbestos-containing products and equipment personally, he was nevertheless exposed to the fibers contained therein and the asbestos dust generated by the operation, use and repair of Defendants' Products by other workers in the same environment.

25. Plaintiffs assert a claim of negligence against the VESSEL DEFENDANT. During all of the times herein mentioned, the VESSEL DEFENDANT so negligently, carelessly and unlawfully owned, operated, supervised, maintained, manned, crewed and warranted the subject vessels so as to create unsafe working conditions resulting in Plaintiff ROBERT LYNN PATTERSON, SR.'s asbestos-related condition including, but not limited to, the following.

Unofficial Copy Office of Marilyn Burgess District Clerk

(a) The VESSEL DEFENDANT failed to provide Plaintiff ROBERT LYNN PATTERSON, SR. and other crew members with a safe workplace.

(b) The VESSEL DEFENDANT failed to provide Plaintiff ROBERT LYNN PATTERSON, SR. with appropriate safety equipment sufficient to avoid the dangers which caused his asbestos exposures and subsequent injuries.

(c) The VESSEL DEFENDANT failed to properly supervise Plaintiff ROBERT LYNN PATTERSON, SR.'s and other crew members' activities and to maintain appropriate safety standards.

(d) The VESSEL DEFENDANT ordered Plaintiff ROBERT LYNN PATTERSON, SR. and other crew members to perform their job duties under conditions which rendered such activity unsafe and dangerous.

(e) The VESSEL DEFENDANT failed to generally exercise that degree of care commensurate with the conditions existing at the time.

(f) The VESSEL DEFENDANT failed to provide proper equipment for use in the tasks which Plaintiff ROBERT LYNN PATTERSON, SR., or others working in close proximity to Plaintiff ROBERT LYNN PATTERSON, SR., was/were performing at the time of his exposures.

(g) The VESSEL DEFENDANT violated statutes and regulations relating to the safety of the crew.

(h) The VESSEL DEFENDANT failed to comply with statutes and allowed ambient levels of airborne asbestos fiber to exceed permissible/allowable levels.

(i) The VESSEL DEFENDANT failed to segregate work involving the release of asbestos or other toxic dusts.

(j) The VESSEL DEFENDANT failed to suppress dust using prescribed ventilation techniques.

(k) The VESSEL DEFENDANT failed to suppress dust using prescribed "wet down" techniques.

(l) The VESSEL DEFENDANT failed to properly warn, train, or educate Plaintiff ROBERT LYNN PATTERSON, SR. or others regarding asbestos or other toxic substances on the vessels.

Unofficial Copy Office of Marilyn Burgess District Clerk

(m) The VESSEL DEFENDANT failed to provide approved respiratory protection devices.

(n) The VESSEL DEFENDANT failed to ensure "approved" respiratory protection devices were used properly.

(o) The VESSEL DEFENDANT failed to provide for an on-going health screening program for those exposed to asbestos on their vessels.

(p) The VESSEL DEFENDANT failed to provide adequate housekeeping and clean-up of the workplace.

(q) The VESSEL DEFENDANT failed to properly warn of the hazards associated with asbestos.

(r) The VESSEL DEFENDANT failed to have an asbestos removal supervisor and/or adequate supervision of the crew.

(s) The VESSEL DEFENDANT failed to inspect and/or test the air and failed to conduct monitoring of crew members to determine exposure to dust that contained asbestos.

(t) The VESSEL DEFENDANT failed to select and hire a careful and competent stevedore, shipyard, contractor and/or subcontractor.

(u) The VESSEL DEFENDANT failed to test and research asbestos and asbestos-containing products to determine health effects on humans;

(v) The VESSEL DEFENDANT failed to keep data, information and records pertaining to the health effects of exposure to asbestos and asbestos-containing products;

(w) The VESSEL DEFENDANT failed to utilize a substitute material to eliminate asbestos fibers on vessels owned by VESSEL DEFENDANT.

(x) The VESSEL DEFENDANT specified use of asbestos-containing products including, but not limited to, asbestos-containing drilling muds.

(y) Any such other and further acts and omissions by the VESSEL DEFENDANT as may be shown by the evidence at trial.

26. As a proximate result of the VESSEL DEFENDANT's aforementioned negligence and the unseaworthiness of such vessels, Plaintiff ROBERT LYNN PATTERSON, SR. was diagnosed with malignant pleural mesothelioma. Prior to his diagnosis, Plaintiff ROBERT LYNN

Unofficial Copy Office of Marilyn Burgess District Clerk

PATTERSON, SR. was unaware of the latent hazardous condition or the risk of personal injury created by VESSEL DEFENDANT's conduct and negligence, and did not know, nor did he have reason to know, that his lungs had been damaged or that he had contracted mesothelioma or any other asbestos-related disease.

27.     At all times herein mentioned, the VESSEL DEFENDANT required Plaintiff ROBERT LYNN PATTERSON, SR. to handle or otherwise be exposed to large quantities of asbestos fibers upon the vicinity and vessels as previously described herein.  In so employing and otherwise engaging the use of asbestos and asbestos-containing products and equipment on their vessels, the VESSEL DEFENDANT so negligently, carelessly, recklessly and unlawfully failed to recognize that the work and operation of the VESSEL DEFENDANT's vessels and specifically the activities engaged in by Plaintiff ROBERT LYNN PATTERSON, SR. and other crewmembers at the direction of the VESSEL DEFENDANT would create a risk of harm to Plaintiff ROBERT LYNN PATTERSON, SR. and so failed to remedy, repair, guard, warn or otherwise take special precautions to prevent said asbestos fibers from affecting Plaintiff ROBERT LYNN PATTERSON, SR.  As a direct and proximate result thereof, Plaintiff ROBERT LYNN PATTERSON, SR. sustained the injury to his lungs and respiratory system complained of herein.

28.     During the time period during which Plaintiff ROBERT LYNN PATTERSON, SR. was employed aboard said vessels, the VESSEL DEFENDANT failed to provide Plaintiff ROBERT LYNN PATTERSON, SR. with a safe place to work in that each of the vessels contained asbestos materials in a condition which exposed Plaintiff ROBERT LYNN PATTERSON, SR. to harmful respirable asbestos fibers, even though the VESSEL DEFENDANT knew, or should have known, that workers like Plaintiff ROBERT LYNN PATTERSON, SR. would be exposed to asbestos dust while working aboard the vessels under circumstances which were certain to result in injury and did cause Plaintiff ROBERT LYNN PATTERSON, SR. to become ill, suffer and sustain serious injury

29.     Plaintiff ROBERT LYNN PATTERSON, SR., while in the course and scope of his employment, performed work and services as a roustabout and engineer on the VESSEL DEFENDANT's vessels. While in the course and scope of this activity, Plaintiff ROBERT LYNN PATTERSON, SR. was exposed to said asbestos products, and the VESSEL DEFENDANT failed to place adequate warnings on the premises to warn the handlers and users thereof of the dangers contained therein, causing lung problems and asbestos related diseases.  As a proximate result of

Unofficial Copy of Office of Marilyn Burgess District Clerk

D.5.

this incident, Plaintiff ROBERT LYNN PATTERSON, SR. was caused to suffer severe and substantial injuries and damages as more fully alleged herein.

30.     Plaintiffs would further show that the VESSEL DEFENDANT, as an owner and operator of the vessels upon which Plaintiff ROBERT LYNN PATTERSON, SR. worked had an absolute and nondelegable duty to provide Plaintiff ROBERT LYNN PATTERSON, SR. with a safe and seaworthy vessel, crew, tools and workplaces.  Plaintiffs would show that the VESSEL DEFENDANT's vessels upon which Plaintiff ROBERT LYNN PATTERSON, SR. worked were unseaworthy by reason of the acts described above and that his injuries, illnesses and disabilities are a direct and proximate result of the unseaworthiness of the vessels upon which Plaintiff ROBERT LYNN PATTERSON, SR. worked.

31.     The negligence of VESSEL DEFENDANT caused the above-described unsafe working conditions and proximately caused Plaintiff ROBERT LYNN PATTERSON, SR.'s mesothelioma.

**COUNT THREE**
**ALLEGATIONS AGAINST SUPPLIER DEFENDANT**

32.     All of the allegations contained in the previous paragraphs are realleged herein.

33.     For all pertinent times, BAKER HUGHES OILFIELD OPERATIONS, INC., (hereinafter referred to as "SUPPLIER DEFENDANT") individually, sold, distributed, and supplied asbestos and/or asbestos-containing products which Plaintiff ROBERT LYNN PATTERSON, SR. came in contact with, worked with and utilized, and to which he was exposed to and inhaled asbestos dust and fibers causing his injuries, illnesses and disabilities.

34.     The SUPPLIER DEFENDANT as a manufacturer, miner, shipper, distributor, and supplier of SUPPLIER DEFENDANT's Products are liable to Plaintiffs for its failure to warn Plaintiff ROBERT LYNN PATTERSON, SR. of the health hazards of exposure to asbestos and failure to design and package SUPPLIER DEFENDANT's Products so as to adequately protect and warn users and bystanders of the dangers of exposure to asbestos.

35.     Further, SUPPLIER DEFENDANT is liable to Plaintiff ROBERT LYNN PATTERSON, SR. and his family members as professional vendors of SUPPLIER DEFENDANT's Products, and as such, because of the Defendant's size, volume of business and merchandising practices, knew or should have known of the defects of the Products it sold and/or

supplied, and are strictly liable and negligent for failing to warn users and bystanders of potential health hazards from the use of said Products.

36.     Further, SUPPLIER DEFENDANT made misrepresentations regarding the safety of asbestos to the asbestos-product manufacturers and/or purchasers and/or consumers, thereby fraudulently inducing other sophisticated users to use and/or purchase SUPPLIER DEFENDANT's Products instead of other types.  As such, SUPPLIER DEFENDANT is liable to Plaintiffs for Plaintiff ROBERT LYNN PATTERSON, SR.'s suffering and injuries from a disease caused by exposure to SUPPLIER DEFENDANT's Products because SUPPLIER DEFENDANT's fraudulent misrepresentations were detrimentally relied upon (1) by purchasers and/or consumers and (2) by Plaintiff ROBERT LYNN PATTERSON, SR. who was exposed to SUPPLIER DEFENDANT's Products.

37.     Finally, SUPPLIER DEFENDANT is liable to Plaintiffs because it knew or should have known that SUPPLIER DEFENDANT's Products which it sold and supplied were unreasonably dangerous in normal use, and its failure to communicate this information constitutes negligence.  This negligence was the cause of Plaintiff ROBERT LYNN PATTERSON, SR.'s illnesses, injuries and disabilities including, but not limited to, asbestos-related mesothelioma and other ill health effects.

**COUNT FOUR**
**CONSPIRACY ALLEGATIONS AGAINST MANUFACTURING AND**
**EQUIPMENT DEFENDANTS**

38.     All of the allegations contained in the previous paragraphs are realleged herein.

39.     Plaintiffs further allege that Defendants and/or their predecessors-in-interest knowingly agreed, contrived, combined, confederated and conspired among themselves and with other entities to cause Plaintiff ROBERT LYNN PATTERSON, SR.'s illnesses, injuries and disabilities by exposing him to harmful and dangerous Defendants' Products.  Defendants and other entities further knowingly agreed, contrived, combined, confederated and conspired to deprive Plaintiff ROBERT LYNN PATTERSON, SR. and his family members of the opportunity of informed free choice as to whether to use Defendants' Products or to expose Plaintiff ROBERT LYNN PATTERSON, SR. to said dangers.  Defendants committed the above-described wrongs by willfully misrepresenting and suppressing the truth as to the risks and dangers associated with the use of and exposure to Defendants' Products.

40. In furtherance of said conspiracies, Defendants performed the following overt acts:

(a) for many decades, Defendants individually, jointly, and in conspiracy with each other and other entities have been in possession of medical and scientific data, literature and test reports, which clearly indicated that the inhalation of asbestos dust and fibers resulting from the ordinary and foreseeable use of Defendants' Products was unreasonably dangerous, hazardous, deleterious to human health, carcinogenic, and potentially deadly.

(b) despite the medical and scientific data, literature and test reports possessed by and available to Defendants, Defendants individually, jointly, and in conspiracy with each other and other entities fraudulently, willfully, and maliciously:

(1) withheld, concealed, and suppressed said medical and scientific data, literature and test reports regarding the risks of cancer, mesothelioma and other illnesses and diseases from Plaintiff ROBERT LYNN PATTERSON, SR. who was working with, around, and/or using Defendants' Products and causing him to be exposed to Defendants' Products.

(2) caused to be released, published and disseminated medical and scientific data, literature and test reports containing information and statements regarding the risks of cancer, mesothelioma and other illnesses and diseases, which Defendants knew were incorrect, incomplete, outdated and misleading; and

(3) distorted the results of medical examinations conducted upon individuals such as Plaintiff ROBERT LYNN PATTERSON, SR. who was working with, using or in close proximity to Defendants' Products and being exposed to the inhalation of asbestos dust and fibers, by falsely stating and/or concealing the nature and extent of the harm to which Plaintiff ROBERT LYNN PATTERSON, SR. and others have suffered.

(c) Other conspirators participating in the conspiracy, or in ongoing or

Unofficial Copy Office of Marilyn Burgess District Clerk

subsequent conspiracies (hereinafter called the "conspirators"), were member companies in the Quebec Asbestos Mining Association, and/or Asbestos Textile Institute, and/or the Industrial Hygiene Foundation. Acting in concert, the conspirators fraudulently misrepresented to the public and public officials, *inter alia*, that asbestos did not cause cancer and that the disease mesothelioma had no association with pleural and pulmonary cancer and affirmatively suppressed information concerning the carcinogenic and other adverse effects of asbestos exposure on the human respiratory and digestive systems.

(d)     In addition, Defendants contrived, combined, confederated and conspired through a series of industry trade meetings and the creation of organizations such as the Air Hygiene Foundation (later the Industrial Hygiene Foundation) to establish authoritative standards for the control of industrial dusts which would act as a defense in personal injury lawsuits, despite knowing that compliance with such standards would not protect individuals such as Plaintiff ROBERT LYNN PATTERSON, SR. from contracting an asbestos-related disease or cancer.

(e)     In furtherance of said conspiracies, Defendants and/or their co-conspirators contributed to cause the establishment of a Threshold Limit Value for asbestos exposure and contributed to the maintenance of such Threshold Limit Value despite evidence that this supposed "safe" level of exposure to asbestos would not protect the health of individuals such as Plaintiff ROBERT LYNN PATTERSON, SR. even if complied with.

(f)     As the direct and proximate result of the false and fraudulent representations, omissions and concealments set forth above, Defendants individually, jointly, and in conspiracy with each other intended to induce Plaintiffs to rely upon said false and fraudulent representations, omissions and concealments, and to continue to expose Plaintiff ROBERT LYNN PATTERSON, SR. to the dangers inherent in the use of and exposure to Defendants' Products, which caused the release of respirable asbestos fibers.

41. Plaintiff ROBERT LYNN PATTERSON, SR. and his family members reasonably and in good faith relied upon the false and fraudulent representations, omissions and concealments made by Defendants regarding the nature of Defendants' Products.

42. As a direct and proximate result of Plaintiff ROBERT LYNN PATTERSON SR.'s and his family members' reliance on Defendants' false and fraudulent representations, omissions and concealments, Plaintiff ROBERT LYNN PATTERSON, SR. sustained damages including injuries, illnesses and disabilities and was deprived of the opportunity of informed free choice in connection with the use of and exposure to Defendants' Products.

## COUNT FIVE
## GROSS NEGLIGENCE/MALICE ALLEGATIONS AGAINST ALL DEFENDANTS

43. All of the allegations contained in the previous paragraphs are realleged herein.

44. The actions and inactions of Defendants and their predecessors-in-interest, as specifically alleged hereinabove, whether taken separately or together, were of such a character as to constitute a pattern or practice of gross negligence, intentional wrongful conduct and/or malice resulting in damages and injuries to Plaintiff ROBERT LYNN PATTERSON, SR. Defendants' conduct was specifically intended by Defendants to cause substantial injury to Plaintiff ROBERT LYNN PATTERSON, SR. or was carried out by Defendants with a conscious and flagrant disregard for the rights, safety and welfare of others and with actual awareness on the part of Defendants that the conduct would, in reasonable probability, result in human deaths and/or great bodily harm. More specifically, Defendants and their predecessors-in-interest consciously and/or deliberately engaged in oppression, fraud, willfulness, wantonness and/or malice with regard to Plaintiff ROBERT LYNN PATTERSON, SR. and should be held liable in punitive and exemplary damages to Plaintiffs.

## COUNT SIX
## AIDING AND ABETTING ALLEGATIONS AGAINST ALL DEFENDANTS

45. All of the allegations contained in the previous paragraphs are realleged herein.

46. The actions of all Defendants aided, abetted, encouraged, induced or directed the negligent and/or intentional acts of each and every other Defendant.

47. Each of the Defendants knew or should have known that its individual actions would combine to cause the injuries, illnesses and disabilities of Plaintiff ROBERT LYNN PATTERSON, SR.

Unofficial Copy Office of Marilyn Burgess District Clerk

48. The actions of each of the Defendants is a proximate cause of Plaintiff ROBERT LYNN PATTERSON, SR.'s injuries, illnesses and disabilities. As a result, all Defendants are jointly liable for the damage caused by their combined actions.

## COUNT SEVEN
## NEGLIGENCE PER SE ALLEGATIONS AGAINST MANUFACTURING AND EQUIPMENT DEFENDANTS

49. All of the allegations contained in the previous paragraphs are realleged herein.

50. The actions of all Defendants also constituted negligence per-se.

51. Each Defendant violated federal and state regulations relating to asbestos exposure. Such violations constitute negligence per-se or negligence as a matter of law. Further, each such violation resulted in dangerous and unlawful exposures to asbestos for Plaintiff ROBERT LYNN PATTERSON, SR. Plaintiffs are not making any claims under federal law; instead, Plaintiffs are simply using the violation of federal standards as proof of liability on their state-law theories. Further, the reference to Federal regulations does not create a federal question. See *Merrell Dow Pharmaceuticals, Inc. v. Thompson*, 478 U.S. 804 (1986). Any removal on this basis will be met with an immediate motion for remand and for sanctions.

52. The negligence per-se of each Defendant was a proximate cause of Plaintiff ROBERT LYNN PATTERSON, SR.'s injuries, illnesses and disabilities.

## COUNT EIGHT
## BASIS FOR PUNITIVE DAMAGES

53. All of the allegations contained in the previous paragraphs are realleged herein.

54. **Malice, Oppression, and Fraud**: Plaintiffs hereby incorporate by reference the allegations of all causes of action as if fully stated herein. All Defendants are liable for punitive damages because they engaged in the conduct that caused Plaintiffs' harm with malice, oppression, or fraud.

(a) First, Defendants committed malice in that they acted with intent to harm when they caused Plaintiff ROBERT LYNN PATTERSON, SR.'s asbestos exposures, and because their conduct was despicable and was done with a willful and knowing disregard of the rights and safety of others.

Unofficial Copy Office of Marilyn Burgess District Clerk

(b)     Second, these Defendants committed oppression in that their conduct was despicable and subjected Plaintiff ROBERT LYNN PATTERSON, SR. to cruel and unjust hardship and knowingly disregarded his rights.

(c)     Third, the Defendants committed fraud in that they intentionally and fraudulently concealed and misrepresented material facts and did so intending to harm Plaintiff ROBERT LYNN PATTERSON, SR., or with reckless disregard for whether their fraud would harm Plaintiff ROBERT LYNN PATTERSON, SR.

55.     These Defendants' conduct constituting malice, oppression, and fraud was committed by, authorized by, and adopted by one or more officers, directors, and managing agents within the corporate hierarchy of each Defendant, who acted on behalf of each Defendant.

56.     As a direct and proximate result of such intentional conduct by Defendants, their "alternate entities", and each of them, Plaintiff ROBERT LYNN PATTERSON, SR. sustained the injuries, illnesses, disabilities, and damages alleged herein.

## DAMAGES

57.     The conduct of Defendants, as alleged hereinabove, was a direct, proximate and producing cause of the damages resulting from the asbestos-related disease of Plaintiff ROBERT LYNN PATTERSON, SR. and of the following general and special damages including:

(a)     Damages to punish Defendants for proximately causing Plaintiff ROBERT LYNN PATTERSON, SR.'s untimely injuries, illnesses, and disabilities;

(b)     Physical pain and mental anguish sustained by Plaintiff ROBERT LYNN PATTERSON, SR. in the past;

(c)     Physical pain and mental anguish that Plaintiff ROBERT LYNN PATTERSON, SR., in reasonable probability, will sustain in the future;

(d)     The past disfigurement suffered by Plaintiff ROBERT LYNN PATTERSON, SR.;

(e)     The future disfigurement that Plaintiff ROBERT LYNN PATTERSON, SR. will, in reasonable probability, sustain in the future;

(f)     The physical impairment sustained by Plaintiff ROBERT LYNN PATTERSON, SR. in the past;

(g)     The physical impairment that Plaintiff ROBERT LYNN PATTERSON, SR. will, in reasonably probability, sustain in the future;

Unofficial Copy Office of Marilyn Burgess District Clerk

D.5.

(d) The past loss of enjoyment and quality of life suffered by Plaintiff ROBERT LYNN PATTERSON, SR.;

(e) The loss of enjoyment and quality of life that Plaintiff ROBERT LYNN PATTERSON, SR. will, in reasonable probability, sustain in the future;

(h) Medical expenses incurred by Plaintiff ROBERT LYNN PATTERSON, SR. in the past;

(i) The medical expenses that Plaintiff ROBERT LYNN PATTERSON, SR. will, in reasonable probability, sustain in the future;

(j) Plaintiff ROBERT LYNN PATTERSON, SR.'s lost earning capacity;

(k) The lost earning capacity that Plaintiff ROBERT LYNN PATTERSON, SR. will, in reasonable probability, sustain in the future;

(l) Loss of household services sustained by Plaintiff ROSEMARY PATTERSON in the past;

(m) The loss of household services that, in reasonable probability, Plaintiff ROSEMARY PATTERSON will sustain in the future;

(n) The loss of care, maintenance, services, support, advice, counsel, and consortium sustained by Plaintiff ROSEMARY PATTERSON in the past;

(o) The loss of care, maintenance, services, support, advice, counsel, and consortium that, in reasonable probability, Plaintiff ROSEMARY PATTERSON will sustain in the future;

(p) Plaintiffs seek punitive and exemplary damages;

(q) Any and all other recoverable personal injury, survival, and/or wrongful death damages for Plaintiffs and Plaintiffs' heirs.

58. By their acts and omissions described herein, Defendants intentionally, knowingly and/or recklessly caused serious bodily injury to Plaintiff ROBERT LYNN PATTERSON, SR. within the meaning of Tex. Civ. Prac. & Rem. Code §41.008(c)(7) and Tex. Penal Code §22.04.

59. Plaintiffs filed suit within two (2) years of Defendants' wrongdoing, which Defendants had and continue to wrongfully conceal, and within two (2) years of the date of discovering Plaintiff ROBERT LYNN PATTERSON, SR.'s asbestos-related condition.

WHEREFORE, PREMISES CONSIDERED, Plaintiffs demand judgment against the Defendants, and each of them, jointly and severally, for general damages, special damages,

punitive and exemplary damages, for their costs expended herein, for interest on said judgment from the date this action accrued until paid, at the legal rate, and for such other and further relief, both at law and in equity, to which Plaintiffs may show themselves justly entitled.

## JURY DEMAND

Plaintiffs demand that all issues of fact in this case be tried to a properly impaneled jury.

Respectfully submitted,

**SIMON GREENSTONE PANATIER, PC**
*/s/ Frank J. Wathen*
FRANK J. WATHEN
State Bar No. 20920010
901 Main Street, Suite 5900
Dallas, Texas 75202
214-276-7680 Telephone
214-276-7699 Facsimile
frank.wathen@sgptrial.com

**ATTORNEYS FOR PLAINTIFFS**